## STATE COURT OF APPEALS—Continued

### No. 253
### FINDLEY v. GOFF

Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 12, 1923

480. EVIDENCE—Statute of a sister state must be porperly proved to be used in the courts of this state.

118. AUTOMOBILES—Failure to execute bill of sale of automobile does not invalidate transfer but offender is liable to statutory penalty.

ROBERTS, J.       Epitomized Opinion

Published Only in Ohio Law Abstract

Original action in replevin in the Muncipal Court of Youngstown wherein A. L. Findley was plaintiff and R. E. Goff was defendant. The parties, in Pennsylvania, entered into a partnership agreement for the purpose of selling automobiles by which Goff agreed "to provide his own demonstrator car to use in doing business, same to be furnished him at wholesale price." The car which was the subject of the action was originally owned by Findley and was by him turned over to Goff who used it during the continuance of the partnership relation. Goff later took the car to Youngstown and Findley brought this action.

Goff contended that he paid for the car by giving Findley a note for $1300. Findley admitted receiving the note but contended that it was given to raise money for the business. Findley contended that title to the car remained in him; that by the law of Pennsylvania the execution and acknowledgment of some kind of written instrument was necessary to pass title to an automobile and that no such instrument ever existed; and that Goff was not now entitled to possession of the car. In the Municipal Court a "judgment" was rendered for Goff for "$1000." The case was appealed to the Common Pleas and resulted in "a verdict for $1000" for Goff. Findley prosecuted error. Held:

1. The statutes and decisions thereunder in another state when in question in the courts of this state must be proved by evidence as matter of fact. 40 OS. 274. Findley failed to make such proof of the Pennsylvania statute.

2. With regard to the Ohio statute on the transfer of automobiles the case of Todino v. Ohio Farmers Ins. Co., before this court in Jefferson county, held that failure to comply with statute did not invalidate the transfer but enly made the offender liable to a penalty.

Findley failed to prove that the possession of Goff was unlawful. As there was no error

prejudicial to the substantial rights of Findley, the case is affirmmed.

Attorneys—L. L. George, for Findley; David Steiner, for Goff; both of Youngstown.

### No. 254
### TABLER v. PALMER

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4755. Decided Jan. 25, 1924

480. EVIDENCE—Jury may disregard all material matters testified to by witness, as untrue—Action for real estate commission.

MIDDLETON, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Tabler sued Palmer in Cuyahoga Common Pleas, to recover a broker's commission for negotiating a sale of certain real estate owned by Palmer. The jury returned a verdict for Palmer It is contended by Tabler that upon certain facts which he testified to, he is entitled to recover a commission. In affirming the judgment, the Court of Appeals held:

1. "The infirmity of this contention lies in the further fact that the jury, under the whole evidence, might well have found against Tabler upon all the material matters he here claims."

Attorneys—D. M. Bader, Cleveland, for Tabler; Krueger & Pelton, Cleveland, for Palmer.